In the United States District Court
for the Southern District of Ohio
Western Division at Cincinnati

| | |
|---|---|
| Farid Muhammad,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Ohio First Home Healthcare, Inc. and Saddat S. Ahmed,<br><br>Defendants. | Case No. 1:17-cv-864<br><br>Judge |

Class and Collective Action Complaint

PRELIMINARY STATEMENT

1. Plaintiff Farid Muhammad, on behalf of himself and all similarly-situated individuals, brings this action against Defendants Ohio First Home Healthcare, Inc. and Saddat S. Ahmed. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with overtime wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, O.R.C. § 4113.15.

2. Defendants have operated a home health care services company in Southwest Ohio for individuals with developmental disabilities since 2007.

3. Since 2007, Defendants have employed nurses to visit their patients and provide them with nursing services.

4. Until approximately November of 2017, Defendants have paid their nurses their straight-time hourly rate for all hours worked, including hours worked in excess of 40 hours per workweek.

5. All of Defendants' nurses, including Plaintiff, are subject to the same employment policies and practices, including policies and practices with respect to overtime wages.

6. Plaintiff brings this action on behalf of himself and similarly situated current and former nurses who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

7. Plaintiff also brings this action on behalf of himself and similarly situated current and former nurses in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the OMFWSA and O.R.C. § 4113.15.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, the OMFWSA, O.R.C. § 4111, *et seq.*, O.R.C. § 4113.15, and 28 U.S.C. §1331 and §1343(a)(4).

9. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

10. This Court's jurisdiction is also predicated upon 28 U.S.C. §1367 as this Class Action Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

11. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b).

## PARTIES

**Plaintiff**

**Farid Muhammad**

12. Plaintiff Muhammad resides in the Southern District of Ohio. Further, at all times material herein Plaintiff worked within the boundaries of Southern District of Ohio for Defendants.

13. At all times relevant herein, Plaintiff has been an "employee" of Defendants as defined in the FLSA and the OMFWSA.

14. Plaintiff has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

**Defendants**

**Ohio First Home Healthcare, Inc.**

15. Defendant Ohio First Home Healthcare, Inc. is a for-profit corporation with its principal place of business in Ohio.

16. Ohio First Home Healthcare, Inc. is headquartered at 8075 Reading Road, Suite 202, Cincinnati, OH 45237.

17. Saddat S. Ahmed is the registered agent of Ohio First Home Healthcare, Inc.

18. "Ohio First Home Healthcare, Inc." is the corporate entity listed on Plaintiff's work schedules for work he completed for Defendants.

19. Ohio First Home Healthcare, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all nurses at all of its locations, including policies, practices, and procedures relating to payment of overtime wages.

20. At all relevant times, Ohio First Home Healthcare, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

21. At all relevant times, Ohio First Home Healthcare, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

22. Ohio First Home Healthcare, Inc.'s gross revenue exceeds $500,000 per year.

**Saddat S. Ahmed**

23. Defendant Saddat S. Ahmed is the founder and owner of Ohio First Home Healthcare, Inc.

24. Saddat S. Ahmed is an authorized representative of Ohio First Home Healthcare, Inc.

25. Saddat S. Ahmed is the registered agent of Ohio First Home Healthcare, Inc.

26. Upon information and belief, Ahmed lives in Columbus, Ohio.

27. Defendant Ahmend is individually liable under the definitions of "employer" set forth in the FLSA and Ohio law because he owns and operates Ohio First Home Healthcare, Inc., serves as a member of Ohio First Home Healthcare, Inc., ultimately controls significant aspects of Ohio First Home Healthcare, Inc.'s day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

28. At all relevant times, by virtue of his role as owner and CEO of Ohio First Home Healthcare, Inc., Ahmed has had financial control over the operations at Ohio First Home Healthcare, Inc.

29. At all relevant times, by virtue of his role as owner and CEO, Ahmed has a role in significant aspects of Ohio First Home Healthcare, Inc.'s day to day operations.

30. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had control over Ohio First Home Healthcare, Inc.'s pay policies.

31. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had power over personnel and payroll decisions at Ohio First Home Healthcare, Inc., including but not limited to influence over nurse pay.

32. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had the power to hire, fire and discipline employees, including Plaintiffs and other nurses.

33. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

34. At all times relevant, by virtue of his role as owner and CEO, Ahmed has had the power to transfer the assets and liabilities of each of Ohio First Home Healthcare, Inc.

35. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had the power to declare bankruptcy on behalf of Ohio First Home Healthcare, Inc.

36. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had the power to enter into contracts on behalf of Ohio First Home Healthcare, Inc.

37. At all relevant times, by virtue of his role as owner and CEO, Ahmed has had the power to close, shut down, and/or sell Ohio First Home Healthcare, Inc.

38. At all relevant times, by virtue of his role as owner and CEO, Ahmed had authority over the overall direction of Ohio First Home Healthcare, Inc. and was ultimately responsible for its operations.

39. Ohio First Home Healthcare, Inc. functions for Ahmed's profit.

40. Ahmed has influence over how Ohio First Home Healthcare, Inc. can run more profitably and efficiently.

## FACTS

41. Plaintiff Farid Muhammad has worked for Defendants as a nurse for approximately 5 years.

42. Plaintiff's job duties include caring for patients and providing nursing services to Defendants' patients at their homes.

43. Plaintiff always completed his duties in accordance with the policies created by Defendants, and at Defendants' direction.

44. Plaintiff's work and the work of similarly situated employees is an integral part of the Ohio First Home Healthcare, Inc.'s business.

45. Plaintiff and similarly situated employees did not have an opportunity for profit or loss depending on the skill with which they carried out their duties.

46. Plaintiff and similarly situated employees have not made any investment in Ohio First Home Healthcare, Inc.

47. Plaintiff and similarly situated employees' employment relationship with Defendants is a permanent one.

48. Ohio First Home Healthcare, Inc. retains and regularly exercises control over Plaintiff and similarly situated employees in the way they carry out their job duties.

49. Plaintiff and similarly situated employees' schedules are set by Defendants.

50. Plaintiff has always been paid an hourly rate by Defendants to complete this work.

51. Plaintiff has always been paid his regular hourly rate for all hours worked, including hours worked in excess of 40 in a given workweek.

52. Plaintiff received a regular payrate of $30.20 per hour throughout 2014.

53. Starting in January 2015, Plaintiff's regular payrate was increased to $30.50 per hour.

54. Starting in October 2015, Plaintiff's regular payrate was increased to $31.00 per hour.

55. Starting in October 2016, Plaintiff's regular payrate was increased to $32.00 per hour.

56. Plaintiff recorded his hours worked in accordance with Ohio First Home Healthcare, Inc.'s timekeeping policies.

57. Plaintiff received paychecks on a weekly basis.

58. Each paycheck Plaintiff received was intended to be compensation for one week of work.

59. On his January 2, 2015 paycheck, Plaintiff was paid his regular hourly rate for 61.56 hours of work.

60. On his January 9, 2015 paycheck, Plaintiff was paid his regular hourly rate for 72.12 hours of work.

61. On his January 16, 2015 paycheck, Plaintiff was paid his regular hourly rate for 76.74 hours of work.

62. On his January 23, 2015 paycheck, Plaintiff was paid his regular hourly rate for 78.12 hours of work.

63. On his January 30, 2015 paycheck, Plaintiff was paid his regular hourly rate for 75.77 hours of work.

64. The above paragraphs are examples that illustrate the amount of work that Plaintiff was completing on a regular basis, and the compensation he received for it.

65. Throughout his employment, Plaintiff has consistently worked more than 40 hours per week.

66. Until approximately October or November of 2017, Plaintiff was paid his regular hourly rate for all hours worked, including hours worked in excess of 40 hours in a given workweek.

67. In or about October or November 2017, Plaintiff began receiving time and a half overtime payments.

68. Plaintiff is aware of other employees who also worked over 40 hours per workweek, and were also paid their regular hourly rate for all of those hours.

69. Defendants violated the FLSA by not paying Plaintiff and similarly situated hourly nurses overtime as required by law.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiff brings the First Count on behalf of himself and all similarly situated current and former nurses or other domestic-service workers who worked for Defendants at any

time during the three years prior to the filing of this complaint and who worked more than 40 hours in one or more workweeks (the "FLSA Collective").

71. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective time-and-one-half overtime pay for hours worked in excess of 40 per workweek. Plaintiff's claims are essentially the same as those of the FLSA Collective.

72. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

73. Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

74. Defendants' unlawful conduct has been widespread, repeated, and consistent.

75. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

76. The FLSA Collective members are readily identifiable and ascertainable.

77. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

78. Plaintiff brings the Second, Third, and Fourth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All nurses or domestic-service workers who worked for Defendants at any time during the three years prior to the filing of this complaint and who worked more than 40 hours in one or more workweeks.

79. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

80. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

81. The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

82. Upon information and belief, there are more than 50 Rule 23 Class members.

83. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

84. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages for hours worked in excess of 40 per workweek.

85. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with OMFWSA, and O.R.C. § 4113.15.

86. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

87. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

88. By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise her right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

89. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

90. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

91. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that

numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

92. Upon information and belief, Defendants and other employers throughout the state violate the OMFWSA and O.R.C. § 4113.15. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

93. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

94. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendants were required to pay overtime wages to Plaintiff and the Rule 23 class members;

   b. Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

   c. Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15;

   d. Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

   e. The nature and extent of class-wide injury and the measure of damages for those injuries.

95. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

CAUSES OF ACTION

**Count 1**
**Failure to Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

96. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

97. Plaintiff and the FLSA Collective are employees of Defendants as that term is defined in the FLSA.

98. Defendants are employers of Plaintiff and the FLSA Collective as that term is defined in the FLSA.

99. Plaintiff and the FLSA Collective worked more than 40 hours in one or more workweeks.

100. Defendants did not pay Plaintiff and the FLSA Collective at least one and a half times their normal hourly rate for time worked in excess of 40 hours per workweek.

101. By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

102. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act**
**(On Behalf of Plaintiff and the Rule 23 Class)**

103. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

104. Plaintiff and the Rule 23 Class members are Defendants' employees as the term is defined by Ohio law.

105. Defendants are Plaintiff and the Rule 23 Class members' employers as the term is defined by Ohio law.

106. Plaintiff and the Rule 23 Class worked more than 40 hours in one or more workweeks.

107. Defendants did not pay Plaintiff and the Rule 23 Class at least one and a half times their normal hourly rate for time worked in excess of 40 hours per workweek.

108. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

109. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorneys' fees.

### Count 3
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

110. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

111. During all relevant times, Defendants were entities covered by the Prompt Pay Act, O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

112. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

113. Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

114. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

115. As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**Count 4**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Rule 23 Class)**

116. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

117. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

118. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

119. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

120. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff Farid Muhammad prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and O.R.C. § 4113.15.

F. An award of unpaid overtime wages due under the OMFWSA.

G. Liquidated damages under O.R.C. § 4113.15.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. An award of prejudgment and post-judgment interest.

J. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Andrew Kimble
Andrew Biller (0081452)
Andrew Kimble (0093172)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Phone (513) 651-3700
Fax (513) 665-0219
(*abiller@msdlegal.com*)
(*akimble@msdlegal.com*)
www.msdlegal.com

*Counsel for Plaintiff and the putative class*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Kimble
Andrew Kimble